McGREGOR W. SCOTT
United States Attorney
KYLE REARDON
Assistant U.S. Attorneys
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2782

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CR-00262-LKK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | APPLICATION FOR ORDER |
| | ) | REGARDING CRIMINAL FORFEITURE |
| JUAN DAVID ROJO-OLVERA, | ) | OF PROPERTY IN GOVERNMENT |
| | ) | CUSTODY - 18 U.S.C. § |
| Defendant. | ) | 983(a)(3)(B)(ii)(II) |
| _____ | ) | |

   The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter.  The grounds for the motion are as follows:

   On or about May 30, 2007, law enforcement officers from the Stockton Police Department responded to a report of kidnaping at 3434 Manthey, Stockton, California.  The officers located a van driven by Juan David Rojo-Olvera (hereafter "Rojo"), which was occupied with seven Hispanic males.  Officers called U.S. Immigration and Customs Enforcement ("ICE") to the scene and all occupants of the van were taken in for further investigation.

The officers seized the following property from Rojo at the time of his arrest:

    a). Approximately $1,500.00 in U.S. Currency. Hereinafter, the above-referenced asset is referred to as the "seized asset".

    On June 13, 2007, the Grand Jury returned an indictment containing a forfeiture allegation that includes the seized asset. The indictment alleges that the seized asset is subject to forfeiture pursuant to 18 U.S.C. § 982, 8 U.S.C. § 1324(b), and 28 U.S.C. § 2461(c).

    Title 18 U.S.C. § 982(b)(1) and Title 28 U.S.C. § 2461(c) incorporate the forfeiture procedures set forth in 21 U.S.C. § 853. That statute provides several methods for preserving property for the purpose of criminal forfeiture. One such provision authorizes a court upon the filing of an indictment charging an offense for which forfeiture may be ordered and alleging that specific property would, in the event of conviction, be subject to forfeiture to "take any other action to preserve the availability" of such property. *See* 21 U.S.C. § 853(e)(1)(A). Such restraining orders may be entered ex parte. And, in entering the order, the Court may rely on the grand jury's return of an indictment specifying that the property shall, upon conviction, be subject to forfeiture to the United States. *See, e.g., United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (initial issuance of restraining order under Section 853(e)(1)(A) may be ex parte and based on grand jury's finding of probable cause).

    The government contends here that the "take any other action

2

to preserve the availability" of property provision of Section 853(e)(1)(A) applies in circumstances where, as here, the government has already obtained lawful custody of the asset pursuant to a search incident to arrest, and the government seeks to continue to maintain custody of such asset pending further criminal forfeiture proceedings.  Accordingly, pursuant to Section 853(e)(1)(A) of Title 21, the United States respectfully moves this court to issue an ex parte order based on the grand jury's finding of probable cause that directs the United States may maintain custody of the seized asset through the conclusion of the pending criminal case.

DATED: July 2, 2007           McGREGOR W. SCOTT
                              United States Attorney


                              */s/ Kyle Reardon*
                              KYLE REARDON
                              Assistant U.S. Attorney


**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case.  For the reasons provided in the government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including ICE, Customs and Border Protection and/or the Department of Homeland Security, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

3

1    a)   Approximately $1,500.00 in U.S. Currency seized
          from the defendant on or about May 30, 2007.

IT IS SO ORDERED.

DATED: July 23, 2007

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4