McGREGOR W. SCOTT
United States Attorney
KYLE REARDON
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CR-00262-LKK |
| | ) | |
| Plaintiff, | ) | PRELIMINARY ORDER OF |
| | ) | FORFEITURE AND PUBLICATION |
| v. | ) | THEREOF |
| | ) | |
| JUAN DAVID ROJO-OLVERA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Juan David Rojo-Olvera, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), and 28 U.S.C. § 2461(c), defendant Juan David Rojo-Olvera's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    a.  Approximately $1,500.00 in U.S. Currency seized from the defendant on or about May 30, 2007.

2. The above-listed property constitutes or is derived from or is traceable to proceeds obtained directly or indirectly from

1  a violation of 18 U.S.C. § 371 and 8 U.S.C. §§ 1324(a)(1)(A)(ii)
2  and (a)(1)(B)(i).
3       3.   Pursuant to Rule 32.2(b), the Attorney General (or a
4  designee) shall be authorized to seize the above-described
5  property.  The aforementioned property shall be seized and held
6  by the Department of Homeland Security, Customs and Border
7  Protection in its secure custody and control.
8       4.   a.   Pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. §
9  2461(c) incorporating 21 U.S.C. § 853(n) and Local Rule 83-171,
10 the United States forthwith shall publish at least once for three
11 successive weeks in the <u>Stockton Record</u> (San Joaquin County), a
12 newspaper of general circulation located in the county in which
13 the above-described property was seized, notice of this Order,
14 notice of the Attorney General or Secretary of the Department of
15 Homeland Security's intent to dispose of the property in such
16 manner as the Attorney General or Secretary may direct, and
17 notice that any person, other than the defendant, having or
18 claiming a legal interest in the above-listed property must file
19 a petition with the Court within thirty (30) days of the final
20 publication of the notice or of receipt of actual notice,
21 whichever is earlier.
22           b.   This notice shall state that the petition shall be
23 for a hearing to adjudicate the validity of the petitioner's
24 alleged interest in the property, shall be signed by the
25 petitioner under penalty of perjury, and shall set forth the
26 nature and extent of the petitioner's right, title or interest in
27 the property and any additional facts supporting the petitioner's
28 claim and the relief sought.

      c.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

    5.  If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(6), 8 U.S.C. § 1324(b), and 28 U.S.C. § 2461(c), in which all interests will be addressed.

    SO ORDERED this 9th day of January, 2008.

_/s/ Lawrence K. Karlton_
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT